UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON T. BRADFORD,

      Plaintiff,

v.                                                                                Case No.  1:25-cv-468

COMMISSIONER OF SOCIAL                          Hon. Jane M. Beckering
SECURITY,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits.  The Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  *See* Judgment (ECF No. 14).  This matter is before the Court on plaintiff's unopposed motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $5,172.30 (ECF No. 15).

    **I.**      **Discussion**

The EAJA provides in relevant part that  "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).  Eligibility for a fee award in a civil action "requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and

1

(3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).  Here, plaintiff has met the elements to be eligible for an EAJA award, *i.e.*, plaintiff is the prevailing party, the government does not contest plaintiff's contention that its position was not "substantially justified," and no special circumstances exist in this case to make an award unjust.  *Marshall*, 444 F.3d at 840.

The next step is to determine the amount of reasonable attorney fees to be awarded in this case.  The EAJA provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

For reasons discussed in past orders, this Court has determined that the appropriate hourly rate for Social Security Appeals is $204.75.  The timesheets submitted to the Court reflect a total of 21.8 attorney hours and 6.3 paralegal hours (ECF Nos. 15-6; 15-7).  Plaintiff seeks attorney fees at an hourly rate of $204.75, which is consistent with this Court's past orders (PageID.1338).  The time spent by the attorney (21.8 hours) falls within the range of time typically spent on Social Security Appeals.[1]  Accordingly, plaintiff should be awarded the requested attorney fee in the amount of $4,463.55 ($204.75 x 21.8 hours).

---

[1] *See Flamboe v. Commissioner of Social Security*, No. 1:12-cv-606, 2013 WL 1914546 at *2 (W.D. Mich. May 8, 2013) ("[a]lthough exceptions exist and each case is examined on its own merits, 40 hours generally marks the 'outer limits' of a reasonable expenditure of time on this type of case").

Plaintiff also seeks fees for multiple paralegals at an hourly rate of $112.50 per hour.  The Court considers this rate reasonable.  Accordingly, plaintiff should be awarded the requested paralegal fee of $708.75 ($112.50 x 6.3 hours).

Finally, an Affirmation and Waiver of Direct Payment of EAJA Fees was executed by plaintiff (PageID.1369).  Based on this document, plaintiff's counsel asks that the EAJA fee be paid directly to counsel.  Counsel's request should be denied.  The manner in which the EAJA fee is disbursed is left to the discretion of the Commissioner, not this Court.  *See Kerr for Kerr v. Commissioner of Social Security*, 874 F.3d 926, 935 (6th Cir. 2017) ("[A]ttorney fees ordered under EAJA are to be paid to the prevailing party. . .  We therefore conclude that although [the prevailing plaintiff] had the right to assign her EAJA fee award to her lawyer, the award itself was payable to [the plaintiff] and the Commissioner had discretion either to honor or not to honor the assignment.").

## II.    RECOMMENDATION

I respectfully recommend that the plaintiff's motion (ECF No. 15) be **GRANTED IN PART** and that defendant pay plaintiff attorney fees in the amount of $4,463.55 and paralegal fees in the amount of $708.75, for a total fee award of **$5,172.30.**

Dated:  February 2, 2026                          /s/ Ray Kent
                                                  Ray Kent
                                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).